FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

03 NOV -4  AM 9: 46

CLERK
MIDDLE D
ORLANDO, FLORIDA

ROBERT P. HATMAKER,

        Plaintiff,

vs.                                   CASE NO.: 6:02-CV-1437-ORL-22DAB

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

        Defendant.

_____/

## DEFENDANT'S NOTICE OF FILING OF DOCUMENTS

        Defendant, Liberty Mutual Fire Insurance Company, by and through its undersigned counsel, hereby gives notice of filing, in support of its Motion to Dismiss With Prejudice for Fraud Upon the Court, its Motion for Summary Judgment, and for any other purposes, of the following documents:

        1.      Sworn Statement of Robert Hatmaker (Exhibit A);

        2.      Deposition of Robert Hatmaker from criminal case against John Harley Cox (Exhibit B);

        3.      Nolo contendere plea of John Harley Cox (Exhibit C);

        4.      Robert Hatmaker's answers to interrogatories from civil case against John Harley Cox and Gary Smith (Exhibit D);

        5.      Deposition of Robert Hatmaker from civil case against John Harley Cox and Gary Smith (Exhibit E);

{M2032661;1}

1

40

6.      Deposition of Joan Hatmaker from this litigation (Exhibit F);

7.      Settlement Agreement between Robert Hatmaker, Joan Hatmaker and John Harley Cox from civil case against John Harley Cox and Gary Smith (Exhibit G); and

8.      Deposition of Robert Hatmaker from this litigation (Exhibit H)

Respectfully submitted,

**AKERMAN SENTERFITT**
Attorneys for Liberty Mutual
SunTrust International Center
One Southeast Third Avenue, 28th Floor
Miami, Florida 33131-1704
Phone: (305) 374-5600
Fax No.: (305) 374-5095

By:_____
MARK S. SHAPIRO
Florida Bar No. 894631
GARY J. GUZZI
Florida Bar No.: 159440

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent **via U.S. Mail** to: **BRANDON PETERS, ESQ.**, Morgan, Colling & Gilbert, P.A., 20 North Orange Ave., Suite 1600, Orlando, FL 32801 this _3_ day of November, 2003.

_____
Attorney

{M2032661;1}

2

# EXHIBIT A

## Orange County Sheriff's Office

# STATEM.
Please fill out in fu

| Date of Statement | Month: 12 | Day: 17 ~~02~~ | Year: 98 | Time: 1148 ~~1215~~ |
|---|---|---|---|---|

Case #: 98-079548

Offense: BATTERY- PERSON AGE 65 OR OLDER

| Date of Offense | Month: 10 | Day: 12 | Year: 98 | Time: 1730 |
|---|---|---|---|---|

Suspect (last, first, middle): COX JOHN HARLEY/

Location of Offense: N904 TAYLOR CREEK RD

| Code | Name (last, first, middle): HATMAKER ROBERT P | | Age: 67 | DOB: 05-28-3 |
|---|---|---|---|---|
| V/R | Address Res.: 4904 TAYLOR CREEK RD   CHRISTMAS | Zip: 32709 | Phone: 568- |
| | Address Bus.: RETIRED | Zip: | Phone: |

| D.L.#: | State: | Other ID (Specify # and Type): |
|---|---|---|

I, _____ do hereby voluntari
following statement without threat, coercion, offer of benefit or favor by any persons whomsoever.

Gary Smith  4850 Taylor Crk. Rd - Christmas, FL 32709 pH# 56 (407)

MARIE V.

I Robert Phillip Hatmaker am 67 years of Age. I was sitting about

the house and it had started raining hard. I decided to go ta

some pictures when the rain stopped—where Gary smith had

dug a ditch on his property—that would drain water in Front

of my house. Then I went to the back of my house to take

some more pictures of barrels, old used tires, and old wood

– List stolen items separately (with values) in body of statement. –

| Total Value of Property Stolen/Damaged | $ | I will testify in court. YES | Initial: |
|---|---|---|---|
| I have received the Victim's Rights package. | Initial: | I will prosecute criminally. YES | Initial: |

Sworn To and Subscribed Before Me, This
17th Day of December 1998

TONI COOK
Notary Public, State of Florida
My Comm. Expires June 20, 2000
No. CC 659412

I Swear/Affirm the Above and/or Attached Statements are Correct and

Deputy Sheriff ☐        Notary Public ☒

Personally Known ☐
Produced Identification ☒  Type# 352-775-31-108-0

| Arrest Made? Yes ☐ No ☐ | Miranda Warning Read? Yes ☐ No ☐ | Page 1 of 5 |
|---|---|---|

10-1181

RECORDS

**Orange County
Sheriff's Office**

# STATEMENT (Continuation)

Page _2_ of ____

Case #: _98079548A_

Three full tanks of animal bones. Also a 50 or 60 foot trailer. then I went west on my property - an went across the morman Fence. Then went North along the Fence - about 160 -190 Feet to take more pictures of water running under Fence onto my property I bought.

I heard some 3-wheelers coming. I walked back South along the morman Fence. I saw Harley Cox in Front on 3 wheeler - and Gary Smith in back on 2nd - 3 wheeler. Harley Cox started hollering - Who owns this property. I said "you have a Lawyer - you ought to know. He got off the 3-wheeler and walked up to the Fence - where I was. I Realized he was mad and there was No Need to talk to him. I was sure he was going to hit me. I saw him coming under the Fence. I saw him put his hand in his pocket - when he bent over. I thought he had a gun in his pocket. Both of them came under the Fence. I started running - I stopped and took a picture of them about 15-20 feet away. I started Running South on the morman Fence about 250 feet.

10-1181 (12/97)

**Orange County
Sheriff's Office**

# STATEMENT (Continuation)

Page __3__ of ____

Case #: __98-079548__

I decided I better go back under the fence on to my property.
They caught me and threw me into the ditch.
Approximatly 15-20 feet west of morman fence into 8-10 inches of
water and mud and jumped on top of me and started beating me on
the side of my head. I could not see - since my glasses had fell off
They had my head in the ditch in mud and water. Harley Cox was
still beating on me and kicking me. Gary Smith was trying to get the
Camera out of my hands. I came to after they had knocked
me out. When I came to - they had ripped the camera out of my hands
and taken the Film out of the camera. I couldn't find my glasses.
They are still lossed back in the ditch. I was wet and muddy.
and my shirt was almost torn off.

10-1181 (12/97)

**Orange County Sheriff's Office**

# STATEMENT (Continuation

Page 4 of ____        Case #: 98679548A

## Trespassing

The property that Gary Smith and Harley Cox came riding through back of Gary Smith house - I had already bought off of (Shorty) Maxwell Story. The property is 246 Ft long going East and West. 165 wide running North and South the discription is (22-23-33 lot 16) which the South part of the property 246 Feet joins the back of my property. The identification of my property is # 22-23-33 000 00624 and #22-23-33000 000-16 - I bought August 31-96

## Injuries

After I got back in the house - my son and wife got home. The Rescue Truck and Sheriff had already got here. After Talking with them - I had my son to take me to the hospital - Florida Hospital - Lake Under Hill. My shoulder was absoluity killing me. Where they beat me in the side of my head was brusied - under my arms and down my side - From being kicked and beat. they jumped on top of me and hurt my back. I could hardly walk from the pain.

10-1181 (12/97)

**Orange County Sheriff's Office**

# STATEMENT (Continuation)

Page **5** of ____

Case #: 98-079548

My son and I left the emergency room about 3:30 in the morning. The doctor took X-Rays of my back and shoulders. He recomended For me to go to a bone doctor. I went to the VA clinic and they made me an appointment to see them again The Doctor made me an appointment to see a Physical Therapist, which as of today Dec. 16-98 I will have had Four physical Therapy Treatments on my back. I have another on 12-24-98.

The doctor said my injuries are not service connected and I should See a ptivate doctor. They do not know how long they can Treat me. I am retired and trying to get my Social Security Card.

I did not provoke Harley Cox nor Gary smith to Come back there I did not even know they were Coming back there until I heard their 3-Wheelers coming and saw them. I was on morman property in back of my Land.

You are very Lucky Harley cox and Gary smith that Bob Hatmaker did not have a Heart Attack. — Joan Hatmaker

EXHIBIT B

# EXHIBIT C

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

CASE NUMBER: CR-O-99- 2388 / A

DIVISION NO: 19

STATE OF FLORIDA,
        Plaintiff,
vs.

JOHN HARLEY COX,
        Defendant.
_____/

## Court Minutes / Order (Plea/Sentencing )

Court opened on 11/09/99, with the following officers present:
Honorable Margaret T. Waller, Judge Presiding.

| | | | |
|---|---|---|---|
| Asst. State Atty.: | Div 19 | Court Reporter: | Bobby Timms |
| Court Deputy: | Ed Hawkins | | |

This case came on this day for Plea/Sentencing . The Defendant was present with counsel. Counsel's Name: James Taylor.

## Count(s): Ct. 001) 784.08(2)(C)

**Plea**
    The Defendant withdrew the previously entered plea of Not Guilty. The Defendant was sworn and Pled Nolo Contendere to the lesser included offense of 784.03 Battery Level: M Degree: F.

**Judgment**
    Defendant was adjudicated guilty.

## Sentence

**Jail**\*(Condition of Probation)
    The defendant is ordered to serve 1 Day(s) in the Orange County Jail with credit for 1 Day(s) time served.

**Probation**
    The defendant is placed on 1 Year(s)Supervised Probation under the supervision of the Orange County Probation Unit.  The defendant will complete the following self-improvement course(s)/program(s) while on Probation:

- Anger Management Seminar. 12 week program.

    **Restitution**\*(Condition  Probation)

- The defendant is ordered to pay restitution to Victim.   The Court orders and reserves ruling.  To be paid thru Collection Court..

**Fines**

The Defendant is hereby ordered to pay the following amounts: Court Costs: $      5.00; CCF: $      50.00; LGCJTF: $      50.00; CRIMESTP: $ 20.00;   Within 30 Day(s).

**Misc. Orders / Events**

- You are to comply with all conditions of Collections court.*(Condition of Probation)
- Defendants who are incarcerated are to report to the Clerk of Courts Collections Division at 425 N. Orange Ave., Room 460 to be scheduled for a status hearing within thirty days of release.*(Condition of Probation)
- No hostile contact with Mr. Hatmaker or his family.

---

Filed in Open Court this 9th day of November, 1999.

Done and Ordered at Orange County, Florida this 9th day of November, 1999.

**Linda W. Chapin**
Clerk of the Circuit and County Courts

By: J.Ares/C. Tucker,
Deputy Clerk in Attendance

_____
Honorable Margaret T. Waller, Judge Presiding

---

| _____ ACS | _____ Dockets | _____ Defendant | _____ Booking | _____ Court Security |
|---|---|---|---|---|
| _____ CFSC | _____ Court Deputy | _____ P&P/Com Cont | _____ Surety | _____ S.O. on _____ |

_____ Other: _____

# EXHIBIT D

38537

IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT, IN AND
FOR ORANGE COUNTY, FLORIDA

ROBERT P. HATMAKER and
JOAN HATMAKER, Husband and Wife,

    Plaintiffs,    CASE NO.:  CIO-01-34

v.

JOHN HARLEY COX and
GARY W. SMITH,

    Defendants.
_____/

## PLAINTIFF'S NOTICE OF SERVICE OF VERIFIED
## ANSWERS TO DEFENDANT'S INTERROGATORIES

  Plaintiff, ROBERT P. HATMAKER, hereby serves his verified answers to

Defendant's Interrogatories bearing Certificate of Service date April 27, 2001, consisting of

twenty-two (22) questions.

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the foregoing was
sent via U.S. Mail this 6th day of June, 2001 to James E. Taylor, Jr., Esquire, 126 E.
Jefferson Street, Orlando, Florida 32801 and Paul M. Thompson, Esquire, 2605
Maitland Center Parkway, Suite E, Maitland, Florida 32751.

Brandon S. Peters, Esquire
Florida Bar No. 965685
Morgan, Colling and Gilbert, P.A.
20 N. Orange Avenue, 10th Floor
Orlando, Florida 32801
Phone:  (407) 420-1414
Fax:   (407) 423-7928
Attorneys for Plaintiffs

## INTERROGATORIES TO PLAINTIFF

1.      What is your name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?


                    SEE ATTACHED EXHIBIT A FOR ANSWERS
                    TO INTERROGATORIES NO. 1 THROUGH 22




2.      List the names, business addresses, dates of employment, and rates of pay regarding all employers, including self-employment, for whom you have worked in the past 10 years.




3.      List all former names and when you were known by those names.  State all addresses where you lived for the past 10 years, the dates you lived at each address, you Social Security number, your date of birth, and, if you are or have ever been married, the name of your spouse or spouses.

4.      Do you wear glasses, contact lenses, or hearing aids?  If so, who prescribed them, when were they prescribed, when were your eyes or ears last examined, and what is the name and address of the examiner?

5.      Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of the punishment?  If so, state as to each conviction the specific crime and the date and place of conviction?

6.      Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the complaint?  If so, what was the nature of the infirmity, disability, or sickness?

7.    Did you consume any alcoholic beverages or take any drugs or medications within 12 hours before the time of the incident described in the complaint?  If so, state the type and amount of alcoholic beverages, drugs or medication were consumed and when and where you consumed them?

8.    Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

9.    Describe in detail, each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

10.     Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the complaint?  If so, what was the nature of the charge; what plea or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding this charge, and, if so, what is the name and address of the person or entity that prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

11.     Describe each injury for which you are claiming damages in this case specifying the part of your body that was injured; the nature of the injury; and, as to any injuries you contend are permanent, the effects on you that you claim are permanent.

12.     List each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the complaint, giving for each item the date incurred, the name and business address of the person or entity to whom each was paid or is owed, and the goods or services for which each was incurred.

13.   Do you contend that you have lost any income, benefits, or earning capacity in the past or future as a result of the incident described in the complaint.  If so, state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing amount?

14.   Has anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories?  If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

15.   List the names and business addresses of each physician who has treated or examined you and each medical facility where you have received any treatment or examination for the injuries for which you seek damages in this case; and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.

16.    List the names, business addresses of all other physical, medical facilities, or other health care providers by whom or at which you have been examined or treated in the past 10 years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.

17.    List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings and specify the subject matter about which the witness has knowledge.

18.    Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?   If so, state the name and address of each person who made the statement or statements, the names and address of each person who heard it, and the date, time, place, and substance of each statement.

19.    State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

20.    Do you intend to call any expert witnesses at the trial of this case?  If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

21.    Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case?  If so, state the terms of the agreement and the parties to it.

22.    Please state if you have every been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which suit was filed.

STATE OF FLORIDA

COUNTY OF ORANGE


_____ being duly sworn, states that the matters and things contained in the foregoing Interrogatory answers are true to the best of my knowledge, information and belief.


_____

SWORN TO AND SUBSCRIBED before me this \_\_\_\_ day of _____, 2001.


_____

NOTARY PUBLIC

My Commission Expires:

22.     Please state if you have every been a party, either plaintiff or defendant, in a
        lawsuit other than the present matter, and, if so, state whether you were plaintiff or
        defendant, the nature of the action, and the date and court in which suit was filed.

STATE OF FLORIDA

COUNTY OF ORANGE

_Robert P Hatmaker_ being duly sworn, states that the matters and things
contained in the foregoing Interrogatory answers are true to the best of my knowledge,
information and belief.



SWORN TO AND SUBSCRIBED before
me this _18th_ day of _May_, 2001.

_Carol L. Sisk_
NOTARY PUBLIC

My Commission Expires:

CAROL L. SISK
MY COMMISSION # CC 994131
EXPIRES: January 16, 2005
Bonded Thru Notary Public Underwriters

Robert P. Hatmaker and Joan Hatmaker
v.
John Harley Cox and Gary W. Smith

Circuit Court of Ninth Judicial Circuit
Orange County, Florida
Case No.: C!0-01-34

## EXHIBIT A

Any information not supplied is unknown at this time.

All answers prepared with the advice of counsel.

1.  (a)  Robert P. Hatmaker
    (b)  P. O. Box 8, 4904 Taylor Creek Road, Christmas, FL  32709

2.  Self-employed.

3.  None.  4904 Taylor Creek Road, Christmas, FL  32709, 33 years
    Social Security No.  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.  Date of Birth:  May 28, 1931
    Married to Joan Hatmaker

4.  I wear glasses and hearing aids.  Both were obtained through the Veterans
Administration Clinic in Orlando, Florida.  I have been examined for both my ears and
eyes since the incident which is the subject of this lawsuit occurred.  I am in the process
of trying to obtain the exact dates and the names of the doctors at the Veterans
Administration Clinic who performed the examination.  This information will be provided
as soon as it becomes available.

5.  No.

6.  None, other than wearing eyeglasses and hearing aids.

7.  No.  I do not drink, smoke or take drugs.

8.  I was sitting around the house, and it had started raining hard.  I decided to go
take some pictures when the rain stopped, where Gary Smith had dug a ditch on his
property.  (The ditch made water drain in front of my house.)  Then, I went to the back of
my house to take some more pictures of barrels, old used tires, old wood and a 50-or-
60 foot trailer.  Then I went west on my property and went across the Mormon fence.
Then, I went north along the fence, about 160-190 feet to take more pictures of water
running under the fence onto my property.  I heard some three-wheelers coming in my
direction.  I walked back south along the Mormon fence.  I saw Harley Cox in front on a
three-wheeler and Gary Smith in the back on another three-wheeler.  Harley Cox

started hollering about who owns this property, and I said you have a lawyer you ought to know. He got off the three-wheeler and walked up to the fence where I was. I realized he was mad and there was no need to talk to him. I was concerned he was going to hit me. I saw him coming under the fence. I saw him put his hand in his pocket when he bent over, and I thought he had a gun in his pocket. Both of them came under the fence. I started running. I stopped and took a picture of them about 15-20 feet away. I started running south along the Mormon fence about 250 feet. They caught me and threw me into the ditch approximately 15-20 feet west of the Mormon fence into 8-10 inches of water and mud and jumped on top of me and started beating me on the side of my head. They had my head in the ditch in mud and water. Harley Cox was still beating on me and kicking me. Gary Smith was trying to get the camera out of my hands. They knocked me out. When I came to, they had ripped the camera out of my hand and taken the film out of the camera. I could not find my glasses. They are still lost back in the ditch. I was wet and muddy and my shirt was almost torn off. I saw Gary Smith take the film out of the camera and throw it in the ditch.

9.      See response to Interrogatory No. 8.

10.     I was not charged.

11.     I received injuries to the upper part of my body, bruises, extreme soreness and headaches. My shoulder needed surgery and physical therapy and it continues to hurt and is weak. My head was injured, and my hearing has gotten worse. I am still being seen by doctors and a chiropractor. See also my statements recorded in the Criminal Court proceedings and produced contemporaneously herewith.

12.     I incur travel expense each time I go to the doctors. I have some related expenses with the doctors appointments and for medicines. I incurred the expense of traveling to the courthouse. Also, I pay $54 per month out of my Social Security checks for supplemental coverage and I have a $2.00 co-pay for each prescription I have filled. Additionally, I lost my glasses, film and camera and suffered the non-economic losses described in my Complaint. See the medical records I produced contemporaneously herewith.

13.     At the time of the incident I was working on the house. My son was going to Vo-Tech school and would help me in the evenings and on Saturday and Sunday and days off. We had plastic over the whole side of the room which we had torn out of the house and were replacing; the roof had to be completely rebuilt. When the incident happened, I was unable to do any lifting, and our daughter-in-law and friends helped us get it finished. It is still not completely finished. If it had not been for the condition of my wife and my health, we could have finished it ourselves. My wife got very worn down and could not work in the evening by the time she got all of the animals fed and watered, dinner cooked and cleaned up the kitchen. I have always done mechanic work, sold junk, kept family cars working, worked on outboard motors, welding, fabricating, fiberglass work. But for my injuries, I could have gotten a job selling cars or driving a

truck.  I have lost income because I had to incur extra expenses getting other peiple to do the things I could not do for myself.

14.     Medicare, Part A   Medicare No. 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A
        Post Office Box 830139
        Birmingham, Alabama  35283-0139

        Veterans Administration

15.     Treating physicians and employees at the V.A. Clinic, Orlando, FL.

        Florida Center for Orthopaedics, 1315 S. Orange Ave., Orlando, FL  32806 (Kwang Uk    Chang, M.D. and Mark D. Schellhammer, D.O.)

        Florida Hospital -- Emergency Department (Dr. Hector R. Fuentes & Dr. Schwartzberg),       Lake Underhill, FL - Treated for multiple injuries;  Oct. 12, 1998

        Columbia Florida Surgery Center, 180 Boston Ave., Altamonte Springs, FL 32701
        Arthroscopic subacromial decompression (Dr. Mark Schellhammer) October 1999

        Healthsouth Sports Medicine, 1405 S. Orange Ave., 2nd Floor, Orlando, FL 32806-2145
        August through November 2000

        Healthsouth, 11500 University Blvd., Orlando, FL  32817 (Katherine Agnew, PT, Shane        Miller, PTA Jill L. Lynch, PTA, Sean P. Hobbs, PT , Rafael Q. Flores, PTA & Daniel W.   Olson, PT) October, 1998 -November, 2000

        Premier Advanced Imaging Net, P. O. Box 5550, Ocala, FL 34478-5550; Oct.-Dec. 1999

        See medical records produced contemporaneously herewith.

16.     Physicians at V. A. Clinic, Orlando, FL

        Dr. Easterlin, Winter Park, FL
         (He is now retired.  I saw him a long time ago for sinus problems.  I do not know the     date)

17.     Myself and my wife, Joan Hatmaker and my sons, Robert and Dan Hatmaker
        John Harley Cox
        Gary W. Smith

All of these individuals have knowledge concerning the altercation which caused my losses.  Additionally, the health care providers listed in my response to Interrogatory No. 15 have knowledge of my physical injuries.

18.    Various statements were made during the criminal proceedings and are provided contemporaneously herewith.

19.    Mike Kelly, Investigator, P. O. Box 608082, Orlando, Florida – He took photographs and video footage.  December 11, 1998;  John Saman, State Attorney; Officer Pete Campbell, Camp B0250, October 12, 1998.

20.    Any of Mr. Hatmaker's medical providers may be called to testify about his physical injuries.  Any others are unknown at this time.

21.    No.

22.    No.

# EXHIBIT E

EXHIBIT F

EXHIBIT G

IN THE CIRCUIT COURT OF THE  NINTH
JUDICIAL CIRCUIT, IN AND FOR  ORANGE
COUNTY, FLORIDA.

CASE NO.   CIO-01-34

ROBERT P. HATMAKER and
JOAN HATMAKER, husband
and wife,

     Plaintiffs,

vs.

JOHN HARLEY COX and
GARY W. SMITH,

     Defendants.

_____/

### SETTLEMENT AGREEMENT
### AS TO DEFENDANT JOHN HARLEY COX

The parties agree as follows:

1. Defendant consents to the entry of a final judgment against him and in favor of Plaintiffs on Counts III and IV of their Complaint for Damages The final judgment shall concede liability on both Counts III and IV and stipulate to an award of damages as set forth more fully in Paragraphs 2+3 below.

2. Plaintiff Robert Hatmaker shall recover

Page 1 of 4

p.2

damages from Defendant Cox in the total amount of $150,000, which sum includes the effect of any offsets for recoveries obtained from other defendants or third parties. Plaintiff Robert Hotmaker's $150,000 recovery shall be apportioned as follows: $10,000 for past medical expenses; $25,000 for future medical expenses; and $115,000 for non-economic damages, all of which shall bear interest at the rate of eleven percent (11%). (cont. on attached p. 3)

Dated this 25 day of June, 2002.

_____
Plaintiff

_____
Plaintiff

_____
Attorney for Plaintiff

_____
Mediator, Mark S. Walker

_____
On behalf of Defendant

_____
Attorney for Defendant

DID NOT ATTEND
_____
Insurance Claims Representative
(Liberty Mutual Fire Ins. Co.)

_____
On behalf of Defendant

Page 2 of 4

Addendum (Cox)
p. 3 of 4

3. Plaintiff Joan Hotmaker shall recover damages from Defendant Cox in the total amount of $100,000, which sum includes the effect of any offsets for recoveries obtained from other defendants or third parties. Plaintiff Joan Hotmaker's $100,000 recovery shall be apportioned as follows: $100,000 for non-economic / consortium damages, all of which shall bear interest at the rate of 11%.

4. Plaintiffs and Defendants shall each be responsible for their own attorneys' fees and costs in this matter.

5. Plaintiffs covenant not to execute on their final judgment against Defendant Cox in this dispute.

6. Defendant Cox hereby assigns to Plaintiff Robert Hotmaker all of his rights and interests against Defendant Cox's homeowners insurance carrier, Liberty Mutual Fire Insurance Company, for the insurer's failure to act in good faith in this dispute with respect to the interests of its policyholder, Defendant Cox, vis-à-vis Plaintiff

7. Defendant Cox and his attorney of record in this matter, James E. Taylor, Esquire, shall execute and file all documents necessary to perfect Plaintiff

cont. on

Addendum (Cox)
p. 4 of 4

as assignee, against Liberty Mutual Fire Insurance Company, including without limitation a Civil Remedy Notice of Insurer Violation pursuant to Section 624.155, Fla. Stat.

8. All causes of action against Defendant Cox besides Counts III and IV shall be dismissed by Plaintiffs.

9. At the conclusion of Plaintiffs' litigation against Liberty Mutual Fire Insurance Company, Plaintiffs shall execute a Satisfaction of Judgment in favor of Defendant Cox in this matter.

10. Any documents which Defendant Cox or his attorney of record must sign pursuant to Paragraph 7 above shall be prepared by Plaintiffs' attorneys.

11. This Settlement Agreement, shall be binding on Plaintiffs' heirs, successors and assigns.

EXHIBIT H